# IN THE COURT OF APPEALS OF IOWA

No. 21-0184
Filed May 25, 2022

**BERNNADETTE CECENA,**
Plaintiff-Appellee,

**vs.**

**MICHAEL R. BILLICK,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cedar County, Stuart P. Werling, Judge.

Michael Billick appeals the denial of his petition to modify or vacate a protective order. **AFFIRMED.**

Jeffrey M. Beatty, Cedar Rapids, for appellant.

Bernnadette Cecena, Tipton, self-represented appellee.

Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

On October 16, 2020, Michael Billick filed a petition to correct, vacate, or modify a July 26, 2019 protective order pursuant to Iowa Rule of Civil Procedure 1.1012. As the district court recognized, though, rule 1.1013 requires such petitions to be filed within one year after entry of the order in question. Because Billick's petition was not filed within one year, the court denied the petition.[1]

On appeal, Billick raises two new arguments concerning the rule 1.1013 deadline. First, Billick draws our attention to his petition to change the protective order under Iowa Code section 236.5(2) (2019), which Billick filed shortly after the protective order was entered. Billick claims we should treat his section 236.5(2) petition as a motion under Iowa Rule of Civil Procedure 1.904.[2] That way, Billick argues, the one-year clock under rule 1.1013 would not have started until August 2, 2019, when the district court denied the section 236.5(2) petition.

So far as our record reveals,[3] though, Billick never presented this argument to the district court. And the court did not address this argument in its ruling denying Billick's rule 1.1012 petition. And Billick did not bring this omission to

---

[1] Rule 1.1013 actually requires the petition to be both "filed" and "served" within the one-year period. Billick did not serve Cecena until October 18, 2020. As will be explained, however, this two day difference between filing and service does not change the outcome in this case. So we focus only on the October 16, 2020 filing.

[2] Billick does not cite—and we did not find—cases holding that a petition under Iowa Code section 236.5(2) (2019) should be treated as a rule 1.904 motion. Because error is not preserved, however, we do not reach this question.

[3] A court reporter memorandum and certificate shows there was a reported hearing on January 11, 2021. However, Billick's combined certificate shows he only ordered the transcript from the initial July 26, 2019 hearing. *See* Iowa R. App. 6.803(1) (requiring the appellant to order necessary transcripts). So we do not have a transcript from the January 11, 2021 hearing to review.

court's attention through a rule 1.904 motion. As a result, the district court never ruled on Billick's argument. Because the argument was not "presented to or decided by the district court," we conclude the argument was not preserved for our review. *See State v. Wilson*, 968 N.W.2d 903, 918 (Iowa 2022) (citing *Meier v. Senecaut*, 641 N.W.2d 532, 537–41 (Iowa 2002)).

Similar problems plague Billick's second argument. Here Billick argues that the one-year period under rule 1.1013 should be extended by seventy-six days because of a May 22, 2020 Iowa Supreme Court order. *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions For Coronavirus/COVID-19 Impact on Court Services* (May 22, 2020). So far as our record reveals, however, Billick did not raise this argument in the district court. Nor did the district court address this argument in its ruling denying Billick's rule 1.1012 petition. Nor did Billick bring this omission to the court's attention through a rule 1.904 motion. Because Billick's second argument was not "raised and decided by the district court," we do not consider it. *See State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020) (citation omitted).[4]

---

[4] Contrast this case with the facts described in *Askvig v. Snap-On Logistics Co.*, 967 N.W.2d 558, 559 (Iowa 2021). There, a workers' compensation claimant filed an untimely petition for judicial review. *Id.* When the employer moved to dismiss the petition as untimely, the claimant resisted—and "support[ed] her resistance with . . . citations to our [supreme] court's COVID-related supervisory orders of April 2 and May 8" which—like the May 22 order at issue here—tolled the time for filing original actions. *Id.* at 560. Ultimately, the district court granted the employer's motion, reasoning that the supervisory orders did not apply to the deadline for judicial-review petitions. *Id.* at 559. The supreme court affirmed. *Id.* at 563.

To be clear, *Askvig* contains no explicit discussion of error preservation. And it is easy to see why: error was plainly preserved because (1) the claimant raised the supervisory-order argument in the district court and (2) the district court expressly ruled on that argument. Neither of those things happened here.

Of course, we recognize that we and the district court are bound by our supreme court's orders, including the May 22, 2020 order. Even so, in our adversarial system, it is the parties' obligation to argue that particular authorities require a particular outcome in the particular case before the court. *See, e.g., id.* (finding criminal defendant did not preserve argument that failure to give instruction violated due process because defendant "did not raise his constitutional argument during the jury instruction discussion or by motion, and it [did] not appear the district court considered that argument"); *cf. Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."). So it was Billick's obligation to argue to the district court that the May 22, 2020 supervisory order extended the one-year filing period under rule 1.1013. At a bare minimum, when Billick saw that the court's dismissal order had not mentioned the May 22, 2020 order or its seventy-six day extension, Billick was obligated to highlight that omission through a rule 1.904 motion. Because Billick elected not to file such a motion, the district court "was not given an opportunity to address its failure" to rule on whether the seventy-six day extension applied. *See Meier*, 641 N.W.2d at 539. So we cannot say error was preserved.

Finally, we note that—even if we were to assume that error-preservation principles do not apply to the May 22, 2020 order—the outcome of this case would not change. As explained, Billick's petition to correct, vacate, or modify the July 26, 2019 protective order was not filed until October 16, 2020. This means that— before we could find that Billick's petition was timely—we would have to *not only*

give Billick the benefit of an extra seventy-six days under the May 22, 2020 supervisory order *but also* accept Billick's argument that the one-year period did not begin running until August 2, 2019, when the district court denied Billick's section 236.5(2) petition.  Unless we accept *both* of Billick's arguments, we cannot say the rule 1.1012 petition was timely filed.[5]  As explained, though, we cannot *reach*—much less *accept*—Billick's argument concerning his section 236.5(2) petition.  So we cannot conclude the rule 1.1012 petition was timely.

**AFFIRMED.**

---

[5] If we *only* accept Billick's argument that seventy-six days should be added to the one-year period that began when the July 26, 2019 protective order was entered, then Billick's filing deadline would have been October 10, 2020—about a week before Billick's actual filing.  Conversely, if we *only* accept Billick's argument that the one-year filing period began on August 2, 2019, then Billick's filing deadline was August 2, 2020—months before Billick's October 16, 2020 filing.

We have not overlooked the fact that October 10, 2020 was a Saturday, and August 2, 2020 was a Sunday.  *See* Iowa Code § 4.1(36).  But even if Billick's deadline had been Monday, October 12, 2020, Billick's petition still would have been late.